IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DA'SHAWN CUNNINGHAM,                    No. CIV S-07-2059-JAM-CMK-P

        Plaintiff,

   vs.                                  FINDINGS AND RECOMMENDATIONS

ADER, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is the motion to dismiss (Doc. 19) filed by defendants Hooven and Fleming.[1]  Defendants argue plaintiff failed to exhaust available administrative remedies prior to filing this action.

/ / /

/ / /

/ / /

/ / /

---

[1] Defendant Ader has not been served.

1

# I.  BACKGROUND

Plaintiff names the following as defendants:  Ader, Fleming, Hooven, and unknown correctional officers.  Plaintiff claims:

> CCI (Unknown) Ader failed to act reasonably when informed of an imminent threat of serious injury to my person and a previous altercation via institutional mail 12-2-05.  When at the door of 216-C6 High Desert State Prison inmate Hokes refused me as a roommate threatening a "problem" 11-29-05 3rd watch.  The escorting officer from R&R to C6 and 3rd C6 floor officers (names unknown) heard this.  I offered to go to the hole or another cell to no avail.  Inmate Hokes was taken out of the cell and I was put in.  My mobility was clearly impaired, and I had no shoes.  After snow therapy, further aggravating the situation, inmate Hokes was out back in the cell 11-30-05.  I informed all four C6 floor officers (3 names unknown) including James Hooven that I need my knee braces (supports) and my shoes to have a chance to defend myself because violence was [undecipherable] if I was not moved.  On 12-1-05 again I told all four floor officers on 2nd and 3rd watch (3 names unknown) including Brett Fleming my concerns stressing the violence to come.  That night inmate Hokes decided that I wasn't trying "hard enough" to move and we had out first physical altercation and due to my mobility problems and lack of shoes I was at a great disadvantage.  I put the request for interview in the mail to (unknown) Ader that night.  On 12-2-05 I doubled my efforts voicing my concerns and letting the 2nd and 3rd watch floor officers for C6, including Brett Fleming (3 names unknown) know that there was a physical altercation and another is imminent.  On 12-3-05 through 12-5-05 all C6 2nd and 3rd watch floor officers, including Brett Fleming and James Hooven (other names unknown) were informed of the problem and the altercation.  I was not moved and on 12-6-05 I was forced to defend myself against inmate Hokes and sustained significant injuries, some of which are permanent.  Inmate Hokes is a violent, mentally disturbed known trouble maker and no one did anything despite the knowledge that an actual altercation transpired and knowledge of serious risk of serious injury.  This is deliberate indifference.

Plaintiff seeks monetary damages and injunctive relief.


# II.  STANDARDS FOR MOTION TO DISMISS

A motion to dismiss for lack of exhaustion of administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed

1 issues of fact." Id. at 1119-20.  If the court concludes that administrative remedies have not been
2 exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see
3 also Jones v. Bock, 127 S.Ct. 910 (2007).

### III.  DISCUSSION

Defendants argue plaintiff failed to exhaust administrative remedies by filing prison grievances concerning his claim.  In support of their motion, defendants offer the declarations of D. Gunter, the Appeals Supervisor at High Desert State Prison ("HDSP"), D. Holbrook, the Appeals Coordinator at Ironwood State Prison, and N. Grannis, the Chief of the Inmate Appeals Branch in Sacramento, California.  Based on these declarations, defendants argue:

> There is no record of Cunningham having filed a grievance at the first or second levels with the HDSP or Ironwood State Prison appeals offices regarding Defendants' alleged failure to protect him from an attack by his cellmate at HDSP, where he was previously housed.  (Gunter Decl., ¶ 5; Holbrook decl. ¶ 5).  Likewise, there is no record of the Inmate Appeals Branch ever having accepted an appeal for Director's level review concerning Defendants' alleged failure to protect.  (Grannis decl. ¶ 9). The Court should therefore find that Cunningham did not exhaust the prison's administrative process.

In his opposition, plaintiff argues that the administrative grievance process was not available because "the Administration did not allow the Plaintiff to go forward with the 602 process, thereby denying the Plaintiff an administrative remedy."  He also appears to assert that he did submit various grievances and attaches copies of inmate appeal forms to his opposition. At Exhibit I to his opposition, plaintiff attaches an "Inmate/Parolee Appeal Form" which is stamped "Received Aug-2 2006 Inmate Appeals Branch."  In this document, plaintiff describes the events outlined in his complaint.  At Exhibit II, he attaches an "Appeals Screening Form" dated January 23, 2006, indicating an abuse of the appeal process because:  "This is a request for information; it is not an appeal."  At Exhibit III, plaintiff attaches a September 27, 2006, letter

/ / /

from the Inmate Appeals Branch signed by N. Grannis, which states:

> The enclosed documents are being returned to you for the following reasons:
>
> An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving a lower level decision in accordance with CCR 3084.6(c).
>
> Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process. library staff can help you obtain any address you need.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 127 S.Ct. 910 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted. The Supreme Court also held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules ". . . so that the agency addresses the issues on the merits." 126 S.Ct. 2378, 2385-88 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 2386. Partial compliance is not enough. See id.

///

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached. The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment. The form must also be signed by all participating inmates. Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939. The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be

appealed separate from the confidential "staff complaint" process. See id.

In this case, plaintiff's Director's Level appeal was not timely. Pursuant to Woodford, exhaustion requires compliance with "deadlines and other critical procedural rules." 126 S.Ct. at 2385-88. Because plaintiff did not comply with the timeliness requirements for his final level appeal, he failed to properly exhaust available administrative remedies and this action must be dismissed with prejudice.

### IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 19) be granted;
2. This action be dismissed with prejudice; and
3. The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE